# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Allen Haynes Powell

November 22, 2005

Case No. (Felony) 2005-000878

BY JUDGE JANE MARUM ROUSH

The defendant's "Motion to Set Aside Verdict and Dismiss Indictment" will be denied for the following reasons.

By an order entered on September 6, 2005, the defendant was convicted of the felony of driving after having been adjudicated an habitual offender in violation of Va. Code § 46.2-357. He was sentenced to a term of imprisonment of two years, with one year suspended. He was placed on two years of active probation. In the motion now under consideration, the defendant challenges his underlying adjudication as an habitual offender.

The defendant was adjudicated an habitual offender by the Circuit Court of the City of Norfolk in May 1976. The gist of the defendant's argument is that he was not properly served with the court's show cause order that led to the adjudication.

The defendant has submitted to the court a certified copy of the record of his 1976 adjudication as an habitual offender. That record reveals that the Sheriff of Norfolk attempted to serve the defendant at 612 West Ocean View Avenue, his last known address in Norfolk, but the defendant was "not found." It was noted on the return of service that the defendant "moved about 6 or 8 months [ago]." Similarly, the copy of the show cause order that the clerk of court mailed the defendant at that same address was returned by the post office with the notation that the defendant moved and left no forwarding address. The show cause order was then served by publication, listing the defendant's address as 612 West Ocean View Avenue in Norfolk.

The defendant now argues that service was improper because Virginia law required that the Commonwealth's Attorney file the information against a suspected habitual offender "in the political subdivision in which such person resides" and "the Sheriff's return on the first show cause indicated that the Defendant could not be found in the City of Norfolk." Defendant's Motion, && 6 and 9.

The fact that the defendant could not be found at 612 West Ocean View Avenue in Norfolk in March 1976 did not mean that the defendant was not properly served by publication that listed his address as 612 West Ocean View Avenue. As the Virginia Supreme Court noted:

> In making its initial determination where venue is to be laid and how process is to be served, the Commonwealth must necessarily rely upon a defendant's most recent address as disclosed by DMV records.

*Slaughter v. Commonwealth*, 222 Va. 787, 791, 284 S.E.2d 824 (1981). The defendant does not dispute that 612 West Ocean View Avenue in Norfolk was his most recent address disclosed by the Department of Motor Vehicles (DMV) records at the time of his 1976 adjudication as an habitual offender. The certified record of the defendant's adjudication as an habitual offender includes the certification of the DMV that the defendant's most recent address on the DMV's records was 612 West Ocean View Avenue. It was incumbent on the defendant, as a licensed driver in Virginia, to advise the DMV of any change of address in a timely manner. See former Va. Code Ann. § 46.1-368.1 (since recodified as current § 46.2-324). That he failed to do so does not mean that the Commonwealth could not rely on his most recent address on the DMV records in serving him with the show cause. The record reflects that the defendant was personally served with the court's order adjudicating him an habitual offender on June 30, 1976, in the City of Norfolk. The defendant was in the Norfolk jail at the time.

The defendant's reliance on *Slaughter v. Commonwealth* is misplaced. In that case, service on the defendant as a non-resident was not proper because the defendant's most recent address as disclosed by the defendant's DMV records was in Virginia. *Slaughter* does not stand for the proposition that the court has no jurisdiction over a defendant who is served at the most recent address that the DMV has, although the defendant has apparently moved in the meantime without notifying the DMV of his new address.

Therefore, the court concludes that service was proper and the Circuit Court of the City of Norfolk had jurisdiction over the defendant in the habitual offender proceeding.